GOODIN *v.* GOODIN

5-3944                                    400 S. W. 2d 665

Opinion delivered March 28, 1966

*Shaver, Tackett & Jones,* for appellant.

*George E. Steel,* for appellee.

GEORGE ROSE SMITH, Justice. Last month the Sevier chancery court granted the appellee a divorce and ordered her husband, the appellant, to make monthly payments for the support of the appellee and the couple's two minor children. The appellant, after filing his notice of appeal, presented a supersedeas bond to the clerk of the trial court and obtained from him a writ of supersedeas.

Upon the appellant's failure to make the first

monthly payment as provided by the decree the appellee instituted contempt proceedings. The appellant resisted the charge of contempt on the theory that the monetary provisions in the decree of divorce had been superseded. The chancellor was doubtful if such an order is subject to being superseded, but he directed that the contempt proceeding be held in abeyance to permit the husband to apply to this court for a stay of the support order pending the appeal. That application for a stay is now before us for decision.

We agree with the chancellor's belief that a writ of supersedeas does not issue as a matter of right in a case like this one. The controlling statute begins with these words: ''Whenever an appellant entitled thereto desires a stay on appeal, he may present to the court for its approval a supersedeas bond which shall have such surety or sureties as the court requires.'' Ark. Stat. Ann. § 27-2121.1 (Repl. 1962). The legislature has not attempted to say exactly when an appellant is ''entitled'' to a stay on appeal.

Ordinarily a writ of supersedeas is obtainable as a matter of course with respect to a judgment for damages in a contract or tort action. In that situation the appellee is adequately protected by a supersedeas bond guaranteeing that his judgment, if it is affirmed, will be paid in full, with interest and court costs. But other considerations must be taken into account with respect to a decree for alimony or child support. Despite the dissolution of the marriage the husband may still be responsible for the support of his former wife and his children. Those dependents are not to be left penniless during the pendency of an appeal.

We have issued a number of per curiam orders sustaining the chancery court's continuing power to enforce its decrees for support or child custody despite the pendency of an appeal. See Stevenson, Supreme Court Procedure, p. 117 (1956). In a recent case, *Crowder* v. *Butt,* our per curiam order of September 7, 1959, read

in part: "The trial court had discretion and power to fix custody pending our decision. There is no absolute right of supersedeas in child custody cases." We adhere to that view and have thought it best to issue an opinion in this instance, for the convenience of the bench and bar.

The application for a stay is denied.

5-3833                                          400 S. W. 2d 651

5-3833

Opinion delivered March 28, 1966

*Sam L. Anderson,* for appellant.

*William H. Arnold,* for appellee.