Gerald Dean McCLUSKEY and Evelyn McCLUSKEY
*v.* Joyce KERLEN

CA 82-124                                          631 S.W. 2d 18

Court of Appeals of Arkansas
Opinion delivered April 2, 1982

*David M. Clark,* for appellants.

*J. T. Skinner,* for appellee.

PER CURIAM. On August 31, 1981, the Probate Court of

Jackson County entered a decree in which the appellants adopted a minor child, Gerald David McCluskey, who had been delivered to them at birth by the appellee, Joyce Kerlen, his natural mother. On March 9, 1982, the court entered an order setting aside the decree of adoption and awarding custody of the minor to the appellee. On that same day the appellants filed a motion in the probate court praying an order staying the execution of the custodial order pending a determination on appeal. There is no order in the record indicating that motion has been acted on by the trial court. On March 15, 1982, this case was docketed in the Court of Appeals. On March 25, 1982, the appellants filed with this court an application for an order staying the custodial order of the probate court pending the outcome of their appeal.

In *Goodin* v. *Goodin,* 240 Ark. 541, 400 S.W. 2d 665 (1966) the Supreme Court declared that a trial court has a right to fix custody during the pendency of an appeal and that there is no absolute right to a supersedeas in child custody cases. We do not depart from that declaration. However, once an appeal has been docketed in this court our jurisdiction attaches and we may, in a proper case, direct that the order of the trial court be stayed pending a final determination on appeal. Rule 8, Arkansas Rules of Appellate Procedure. The better practice in such cases is that the motion to stay the order changing custody pending an appeal should be first addressed to the trial court. If that stay is denied, the trial court should state his reasons for denial in order that on a subsequent motion to stay the order made to the appellate court, due weight may be given to the trial court's determination.

In this case, although a motion to stay the custodial order was filed in the trial court, it was not acted on by that court and no reasons for a denial thereof are therefore before us. The record discloses that the appellants have cared for this child since birth, are fit and proper persons and there is no indication of imminent danger to the child should this stay be granted. The record also reflects that the natural mother has never seen the child nor provided for its care. In these peculiar circumstances we conclude that where custody of a minor infant is to be removed from those with

whom he has lived all of his life and there is no indication that imminent danger to the child's welfare would result, a stay order ought to be entered maintaining the status quo in order that the parental rights to review can be preserved without unnecessary emotional cost to the child.

The clerk of this court is therefore directed to issue a stay order pursuant to Rule 8 (b), Arkansas Rules of Appellate Procedure, upon the filing with her of a bond in the amount of $5,000 conditioned as provided in Rule 8 (b), and further conditioned that the appellants will not remove the child from the State of Arkansas during the pendency of this appeal and that they will indemnify and hold the appellee harmless from any and all consequences of their failure to perform the orders of the court as finally determined on this appeal.

CORBIN and GLAZE, JJ., concur.

MAYFIELD, C.J., dissents.

TOM GLAZE, Judge, concurring. I concur in the result reached by the majority court. Pursuant to Rule 8 of the Rules of the Supreme Court and Court of Appeals, there is no question that once an appeal has been docketed in our court, we may stay a trial court's order pending a final determination on appeal. In custody cases, our appellate courts have been reluctant to stay chancery proceedings. See *Goodin v. Goodin*, 240 Ark. 541, 400 S.W. 2d 665 (1966). We most often defer to the chancellor's superior position to decide parents' custodial rights to children since the trial judge can weigh credibility and the demeanor of the witnesses. Importantly, the court retains continuing jurisdiction in these chancery actions so where substantial changes in circumstances exist, the trial judge may change his custodial order if he determines it is in the best interest of the children. This simply is not true in adoption proceedings.

In adoption proceedings, the probate court is requested to establish a legal relationship between the adopting parents and the child or children to be adopted. Possessory

custodial rights awarded by a probate court are only incidental to the establishment of parental rights under our Revised Uniform Adoption Code. Additionally, the legal rights of the natural parents are terminated at the same time. Once a final decree is entered, the court does not retain continuing jurisdiction to modify possessory custodial rights when changes of circumstances occur in the future. To emphasize the obvious, there is a marked difference in custody and adoption proceedings.

Since adoption proceedings have a finality that is not characteristic of custody actions, I believe this factor alone is sufficient to view this appeal in a different manner than if we were considering an appeal from a custody order. Moreover, the underlying difference in the nature of the two actions also dictates that we review this cause from a different perspective. For instance, the normal set of facts in custody actions involve a dispute between natural or adoptive parents who have had contact with their child. Here, however, appellants are the only parents this minor child has ever known, but appellants were never related to the child except by virtue of the lower court's decree of adoption. This infant child was delivered to appellants at the time of birth, and the natural mother, appellee, has not seen him since that time. In my opinion, these facts alone warrant a stay of the lower court's order pending this appeal. Suffice it to say, that the trial court, in its decision to set aside its prior decree of adoption in favor of appellants, made no findings that the best interests of the minor child dictated the child be placed with appellee. The only basis for setting aside the adoption decree was the court's finding that appellee did not give a "knowing consent" to the adoption. After a review of the record before us, I agree with the majority that maintaining the status quo in this cause will minimize the emotional trauma this infant will face during the pendency of this adoption proceeding on appeal. Obviously, it is in the best interest of this baby to change hands between the warring parties as few times as possible.

This matter has been somewhat complicated by the fact that during oral argument before this court the parties' attorneys noted that the trial court presently has scheduled a

hearing for April 5, 1982, to determine whether appellants are in contempt of the trial court's order and to consider their application to that court for a stay of the court's order. Although the record is silent on the subject, it was suggested by counsel that appellants may be in hiding until our court decides whether to stay the lower court's order. Of course, when this appeal was docketed, our court obtained jurisdiction to grant appellants' motion for a stay. Nevertheless, the contempt proceeding is apparently still scheduled.

One of my colleagues dissents from this court's decision to stay the court's order and in a written opinion, he contends that our court should reinvest jurisdiction with the trial court. This would, I suppose, permit that court to consider the appellants' stay motion. At the same time, he believes we should also direct the trial court to defer any contempt hearing for a period of fifteen days after that court enters its order on the application for stay. I strongly disagree that such a procedure should be followed.

First, counsel for both parties indicated during oral argument that the trial judge had already summarily denied the granting of applicants' motion for a stay. It would be a useless act for us to defer this matter to the trial court for this purpose, nor do I think it is otherwise required by law. Secondly, I do not believe that we have any legal authority to prohibit a trial court from conducting a contempt hearing under the circumstances of this case. Whether appellants have violated a court order is a matter which must be addressed by the trial court, and we are in no position to interfere with that proceeding. The only issue we have before us at this time is whether the prior court's order setting aside its adoption decree should be stayed. If a contempt hearing is held and the trial court affirmatively disposes of the contempt issue, either or both of the parties may then choose to appeal that decision. But until then, this court has no jurisdictional authority to intervene in the trial court's hearing concerning an issue which has not yet been reached or decided by the lower court.

The dissenting opinion also voices a concern that the appellants and the minor child could end up in jail. Under

the present state of this case, I find it most difficult to believe this can occur. Since we have stayed the lower court's order, civil contempt is no longer an issue. On the other hand, if appellants are found in criminal contempt of the court's order, they have a right to appeal and post a supersedeas bond pending that appeal. I do not believe we should anticipate or pre-judge what may occur at any future hearing to be held by the trial court. Regardless of what occurs, the parties have available remedies which they may pursue to alleviate incarceration pending appellate review of any decision rendered at a contempt proceeding.

The manner in which the majority proposes to handle this cause on appeal protects the interests of the appellants and appellee and at the same time recognizes the best interests of the eleven month old baby boy. Under the procedure proposed by this court, the parties may raise and argue each issue as it arises. We may then consider each legal question posed and decide the relative rights of the parties in a calm and deliberate manner.

I am authorized to state that Judge CORBIN joins in this concurring opinion.

MELVIN MAYFIELD, Chief Judge, dissenting. On March 25, 1982, the above named appellants filed a motion in this court asking that a judgment of the Probate Court of Jackson County be stayed pending the decision of the merits of the appeal in this matter.

On March 31, 1982, a hearing was had on that motion and the matter was argued by the attorneys on both sides.

Today this court has granted the appellants' motion. I do not agree to this action of the court because (1) the motion should first be passed upon by the trial court, (2) the action of this court can have an unhappy practical effect, and (3) the action of this court will compound the problem that exists in this matter.

This case involves the adoption and custody of an eleven-month-old baby boy. The child's natural mother

executed a consent to adoption on the day the child was born and the appellants have had custody of the child since that day. Appellants filed a petition for adoption and obtained a temporary decree on August 31, 1981, but on October 28, 1981, the natural mother filed a motion to withdraw her consent. On March 8, 1982, the probate court heard the mother's petition to withdraw consent and held that it was not knowingly executed. The court's order also awarded immediate custody and control of the child to its mother. This order was filed of record on March 8, 1982, and on the same day a motion was filed by the appellants asking that the probate court stay the enforcement of its order pending the decision of the merits of the case on appeal.

No order has been filed in this court reflecting a decision by the probate court on the motion for stay filed in that court. It is alleged by the appellants that the probate court "summarily" denied the application for stay. At the hearing before this court the attorney for the natural mother filed a response in which it was alleged that the probate court has set a hearing for next Monday, April 5, 1982, to determine whether or not appellants are in civil contempt of that court and to consider their application to that court for a stay of its judgment.

In my view, this court should today enter an order directing the Probate Court of Jackson County to have a hearing on the appellants' application to that court for a stay of its judgment and in order to eliminate any doubt of the authority of that court to have the hearing, our order should specifically invest that court with such authority. Our order should also direct the probate court to set out its findings of fact and conclusions of law in its order and should direct the probate court to defer any contempt hearing for a period of 15 days after that court enters its order on the application for stay so that either party may have an opportunity to ask us to review the court's order on the stay before any contempt hearing.

If this procedure is followed, we can pass upon the propriety of the probate court's action. We need to have that court's findings before us before we decide whether or not its

judgment should be stayed. As matters now stand, this court is granting a stay without benefit of the findings of the trial court which heard this matter and which may know more about it than we do.

Secondly, by granting a stay of the probate court's judgment with regard to custody of the child without also staying that court's contempt hearing, the practical effect may be that the court will put the adoptive parents in jail for not obeying an order that should have been stayed and, by this court's authorization to those parents to continue in custody of that child, it logically follows that the child could be placed in jail with his adoptive parents.

In the third place, the procedure I suggest is, in my view, the procedure that should have been followed to begin with and without requiring it to be done in this way, we are tacitly approving the reoccurrence of this same situation in similar matters in the future.