Deborah A. BONE *v.* James R. BONE, Jr.

CA 84-17                                   663 S.W.2d 945

Court of Appeals of Arkansas
En Banc
Opinion delivered February 8, 1984

*John R. Byrd,* for appellant.

*John Frank Gibson,* for appellee.

PER CURIAM.   We find the Supreme Court's holding in *Goodin* v. *Goodin,* 240 Ark. 541, 400 S.W.2d 665 (1966), controlling in this special proceeding. Therefore, appellant's motion to stay the chancellor's custody order pending an appeal to this Court is hereby dismissed without prejudice to request such a stay from the trial court.

TOM GLAZE, Judge, concurring. I concur. My reasons are fully set forth in my concurring opinion in *McCluskey* v. *Kerlen,* 4 Ark. App. 334, 631 S.W.2d 18 (1982). Suffice it to say, *McCluskey* was an adoption case and this Court's decision there in no way controls the custody matter before us now. The Supreme Court's rationale in *Goodin* v. *Goodin,* 240 Ark. 541, 400 S.W.2d 665 (1966), is clearly applicable to this cause and based on the record presented to us, the majority defers to the chancellor's superior position to decide the request for stay.

MELVIN MAYFIELD, Chief Judge, dissenting. In a per curiam opinion the majority of this court has today dismissed the appellant's motion asking that we stay a trial court's change of custody order pending determination of the appeal of that order. Today's decision is contrary to our decision in *McCluskey* v. *Kerlen,* 4 Ark. App. 334, 631 S.W.2d 18 (1982), where we granted a stay of the trial court's award of custody pending determination of the appeal of an adoption proceeding. I dissented in *McCluskey* and I dissent today.

In *McCluskey,* a motion had been filed in the trial court seeking a stay of the enforcement of that court's change of

custody order, but no order was filed in this court reflecting a decision by the trial court on that motion. My dissent stated that we should remand the matter to the trial court directing it to hold a hearing on the motion and to enter an order setting out its findings of fact and conclusions of law; and I said we should order the trial court to defer any further action for a period of 15 days after that hearing so that either party could have an opportunity to ask us to review the trial court's order before it was put into effect. The dissent then explained:

> If this procedure is followed, we can pass upon the propriety of the probate court's action. We need to have that court's findings before us before we decide whether or not its judgment should be stayed. As matters now stand, this court is granting a stay without benefit of the findings of the trial court which heard this matter and which may know more about it than we do.

I would follow the same procedure today and for the same reasons. Here too, a motion for stay was filed in the trial court and was not ruled upon — at least not directly. Seven days after entry of the change of custody order, it was stayed on the court's own motion, pending disposition of perjury charges filed against a witness whose testimony was the primary basis of the court's decision. Six months later, the court, without a hearing, entered an order finding that the witness had been acquitted on the perjury charges and lifting the stay order. The complete transcript of the proceedings in the trial court have been filed here and there is no order by the trial court which rules upon appellant's request for a stay, and there are no findings of fact or law in that regard. Those findings would be extremely helpful to us and we should have taken the necessary steps to secure them before ruling on the motion to stay filed in this court.

While today's per curiam may result in another opportunity for the trial court to make those findings, we should have, at least, granted a stay for a period sufficient in time to allow that court to act. As it stands now, there is the potential for conflicting orders which would unnecessarily

pull this five-year-old child back and forth until the appeal is decided.

Parenthetically, I note that if trial courts have had any question of their authority to stay or supersede their own change of custody orders pending determination of an appeal, it should be dispelled by today's per curiam and the case of *Goodin* v. *Goodin,* 240 Ark. 541, 400 S.W.2d 665 (1966), cited therein.