Vicki KOROKLO (now Kanady) *v.* Joseph KOROKLO, Jr. and Intervenor Arkansas Department of Human Services

90-96                                                    787 S.W.2d 241

Supreme Court of Arkansas
Opinion delivered April 16, 1990

*Bill Walters*, for appellant.

*Shaw, Ledbetter, Hornberger, Cogbill & Arnold*, by: *Ronald D. Harrison*, for appellee Joseph Koroklo, Jr.

PER CURIAM. On March 9, 1990, the trial court entered an order finding, among other things, Vicki Kanady in contempt of court, sentencing her to six months in jail. Appellant filed a notice of appeal from the contempt order and now requests this court to grant a petition for prohibition against or to stay further proceedings by the trial court. She further asks that she be released without additional bond or supersedeas from incarceration, but if we should determine a bond is required, that we should fix the amount. The trial court has previously denied a bond or a stay pending the appeal.

Prohibition in this matter clearly does not lie, but appellant's request for a stay pending appeal under Ark. R. App. P. 8 is proper for this court's consideration. However, we first note that there is no absolute right of supersedeas in child custody cases. *Goodin* v. *Goodin*, 240 Ark. 541, 400 S.W.2d 665 (1966). After a careful review of the partial record, we decline to stay that part of the trial court's order concerning custody and visitation rights and specifically direct that, despite the pendency of this appeal, the trial court retains continuing power to enforce its

March 9, 1990 order, including that portion suspending appellant's visitation rights. Regarding that part of the trial court's March 9 order finding appellant in contempt and sentencing her to six months in the Sebastian County Jail, we issue a stay order in accordance with Rule 8(b), (c) and (d). Issuance of the stay order is conditioned upon appellant filing a bond with the trial court in the amount of $5,000.00 and the bond is to contain those requirements set out in Rule 8(c). The bond shall provide for the additional condition that, if during the pendency of this appeal, the trial court should allow the appellant visitation, supervised or otherwise, an additional $5,000.00 bond shall be provided by the appellant and she is ordered not to remove the parties' child from this state's jurisdiction.