
# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV–13–967

| | |
|---|---|
| CHAMPION BURKS, CODY BURKS, CHAD BURKS, and COLTON BURKS<br>APPELLANTS<br><br>V.<br><br>LIBERTY BANK, as Guardian of the Estate of Merium Joy Burks, an Incapacitated Person, and as Successor Trustee of the Merium Joy Burks Revocable Trust UAD 08/19/2008; and JUDY MOORE, as Trustee of the Merium Joy Burks Revocable Trust UAD 11/24/2001<br>APPELLEES | **Opinion Delivered** November 19, 2014<br><br>APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT<br>[NO. CV–2011-970-IV]<br><br>HONORABLE MARCIA HEARNSBERGER, JUDGE<br><br>AFFIRMED |

**WAYMOND M. BROWN, Judge**

This is an appeal from an order of summary judgment entered by the Garland County Circuit Court in an ejectment/unlawful detainer action. The court awarded possession of real property to the trustees of two trusts and the guardian of the incapacitated settlor's estate, evicting the settlor's grandsons from the premises. The court also denied the grandsons' posttrial motion to stay issuance of the writ of possession. The grandsons appeal, arguing six points for reversal. Finding that only two of the grandsons' arguments are preserved, we affirm the circuit court.

The settlor, Merium Joy Burks, established two trusts: the Merium Joy Burks Revocable Trust UAD 8/19/2008 (2008 Trust), and the Merium Joy Burks Revocable Trust

SLIP OPINION

UAD 11/24/2001 (2001 Trust). The Pope County Circuit Court (the guardianship court) declared Burks incapacitated in 2009, and appellee Liberty Bank is the guardian of Burks's estate and trustee of the 2008 Trust. Appellee Judy Moore is Burks's daughter, the guardian of her person, and the trustee of the 2001 Trust. Appellants Champion Burks, Cody Burks, Chad Burks, and Colton Burks (collectively, appellants or the Burkses) are Burks's grandsons and Moore's nephews. They have lived on 180 acres of real property located in Garland County for approximately twenty years, contending that they and their father had an agreement with Burks for them to do so.

The present case arose in 2011, when the guardianship court determined that the property was to be sold and the proceeds used to care for Burks. When the Burkses did not move from the property, the bank and Moore (collectively, the bank) sued appellants in unlawful detainer. The Burkses answered the complaint, generally denying the allegations.

An amended complaint was filed. Appellants answered the amended complaint and counterclaimed for unjust enrichment for the $700,000 in materials, time, and labor they spent in building the house on the property. The bank denied the counterclaim's allegations.

On March 8, 2013, the bank filed a motion for summary judgment, arguing that the title to the property was vested in either Moore, as trustee of the 2001 Trust; the bank, as trustee of the 2008 Trust; or the bank, as guardian of Merium Burks's estate. The bank further argued that the Burkses made no claim of title to the property and, therefore, the counterclaim failed to state facts upon which relief could be granted.

Appellants responded to the summary judgment motion, arguing that a detainer action

was only proper in the landlord–tenant context and that they were disputing ownership and possession of the property. They also argued that the proof showed that Merium Burks made a holographic will leaving the property to appellants' father and that Burks's guardians had a fiduciary duty to give effect to that intent. This intent was also the basis for their assertion that a constructive trust should be imposed.

The bank replied to the Burkses's responses to the motion for summary judgment and argued that the Betterment Act[1] controlled this action and negated the Burkses's claim for a constructive trust because the Burkses had neither color of title or a claim of ownership.

The bank filed a second amended complaint. In addition to the original unlawful detainer count, it added an ejectment count seeking possession of the property. The Burkses answered, denying the material allegations.

The bank likewise amended the motion for summary judgment and asserted entitlement to possession of the property because the Burkses made no claim of title to the property. It further argued that the Burkses had no cognizable claim for "improvements" to the property because of the Betterment Act. Appellants responded as they did to the original motion for summary judgment.

Following a hearing, the circuit court entered an order granting the motion for summary judgment. The court found that Merium Burks had conveyed the property to the 2001 Trust, that Merium Burks was still alive, that the bank and Moore were the guardians of Merium Burks and the trustees of her two trusts, that the Burkses had made no claim of

---

[1]Ark. Code Ann. § 18-60-213 (Repl. 2003).

title to the property and had no color of title to the property, and that the Burkses's

counterclaim failed to state facts upon which relief could be granted. Accordingly, the court

dismissed the Burkses's counterclaim with prejudice and awarded immediate possession of the

property to the appellees.

The Burkses filed a motion asking the court to set a supersedeas bond pursuant to

Arkansas Rule Civil Procedure 62(d). The bank responded, requesting a hearing on the

amount of any bond and the sufficiency of any sureties. The court denied the motion to set

a supersedeas bond.

Timely notices of appeal were filed from the order granting summary judgment and

the denial of the motion for a supersedeas bond.

Although the Burkses argue six points on appeal, only two of their arguments are

preserved for our review: that the circuit court erred in relying on a probate order when

jurisdiction was being attacked and that the circuit court erred in refusing to allow appellants

to post a supersedeas bond. The other arguments were not ruled upon by the circuit court.

It is well settled that issues not ruled on below will not be considered on appeal.[2]

Our supreme court has set forth the following standard of review with regard to

motions for summary judgment:

> Our standard of review for summary judgment cases is well established.
> Summary judgment should only be granted when it is clear that there are no genuine
> issues of material fact to be litigated, and the moving party is entitled to judgment as
> a matter of law. The purpose of summary judgment is not to try the issues, but to
> determine whether there are any issues to be tried. We no longer refer to summary

---

[2]*TEMCO Constr., LLC v. Gann*, 2013 Ark. 202, 427 S.W.3d 651.

judgment as a drastic remedy and now simply regard it as one of the tools in a trial court's efficiency arsenal. Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. On appellate review, we determine if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion leave a material fact unanswered. We view the evidence in a light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. Our review focuses not only on the pleadings, but also on the affidavits and other documents filed by the parties. Moreover, if a moving party fails to offer proof on a controverted issue, summary judgment is not appropriate, regardless of whether the nonmoving party presents the court with any countervailing evidence.[3]

The standard is whether the evidence is sufficient to raise a factual issue, not whether the evidence is sufficient to compel a conclusion.[4]

In the first argument preserved for appeal, the Burkses assert that the circuit court erred in relying on the guardianship court's order in granting summary judgment to the bank and Moore. We disagree.

At the hearing on the motion for summary judgment, the attorney for Colton Burks stated that he was not going to challenge any order from the guardianship court. Counsel for Champion, Cody, and Chad Burks asserted that the guardianship court's order was void because it was signed before the thirty days they had to answer the complaint had elapsed.

Absent allegations of fraud or lack of jurisdiction, a judgment entered by a circuit court bears presumptive verity and may not be questioned by collateral attack.[5] Although the

---

[3]*Harvest Rice, Inc. v. Fritz & Mertice Lehman Elevator & Dryer, Inc.*, 365 Ark. 573, 575–76, 231 S.W.3d 720, 723 (2006) (citations omitted).

[4]*Wagner v. Gen. Motors Corp.*, 370 Ark. 268, 258 S.W.3d 749 (2007).

[5]*Powers v. Bryant*, 309 Ark. 568, 832 S.W.2d 232 (1992).

Burkses assert that the guardianship court's order was void, they never actually filed pleadings seeking to challenge the guardianship court's order. Moreover, there is no proof that the guardianship court's order was void. Therefore, their argument must fail.

The Burkses next contend that the circuit court erred in denying their motion to stay the judgment pending appeal. There is no error because the circuit court had lost jurisdiction to enter its order denying the supersedeas bond due to the record having already been lodged with this court. Once the record has been lodged in this court, our jurisdiction attaches and we may direct that the order appealed from be stayed pending a final determination on appeal, upon the filing of a supersedeas bond that meets our approval and the requirements of Arkansas Rule Appellate Procedure–Civil 8(c).[6] Here, the circuit court denied the motion without explanation on November 1, 2013. The record was filed with the clerk of this court on October 28, 2013. Because the record had already been lodged with this court, the circuit court's order denying the supersedeas bond was moot.[7]

Affirmed.[8]

WYNNE and GRUBER, JJ., agree.

*Robert S. Tschiemer*, for appellants.

*Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*; and *Peel Law Firm, P.A.*, by: *Richard L. Peel*, for appellees.

---

[6]*McCluskey v. Kerlen*, 4 Ark. App. 334, 631 S.W.2d 18 (1982) (per curiam).

[7]*Myers v. Yingling*, 369 Ark. 87, 251 S.W.3d 287 (2007).

[8]We deny the bank's motion to dismiss this appeal for lack of jurisdiction.