439 A.2d 815

**Irene OVERS**

v.

**Donald E. OVERS, Appellant.**

Superior Court of Pennsylvania.

Argued April 13, 1981.

Filed Jan. 8, 1982.

Petition for Allowance of Appeal Denied May 3, 1982.

Edward Weingart, Pittsburgh, for appellant.

Joseph M. Wymard, Pittsburgh, for appellee.

Before CAVANAUGH, JOHNSON and SHERTZ, JJ.

SHERTZ, Judge:

This appeal by Donald Overs is from an Order of support, for Appellee wife and a minor daughter, in the amount of seven hundred thirty dollars per month. Appellant raises four arguments on appeal:[1] first, that the evidence does not support a finding that Appellee had adequate reason in law to leave the marital domicile and she is not, therefore, entitled to support; second, that Appellant should have been granted a continuance because he was unrepresented at the

---

1. Appellant has waived those issues which were not raised in exceptions filed below as required by Rule 1038(d), Pa.R.Civ.P., and *Paul v. Paul*, 281 Pa.Super.Ct. 201 n. 11, 421 A.2d 1219 n. 11 (1980).

hearing held in this matter and he was unfairly precluded from presenting his case; third, that the court erred in determining Appellee's income; and fourth, that the court erred in calculating the support order by taking into account prior indebtedness. Finding no merit to these contentions, we affirm the Order of the lower court.[2]

Donald and Irene Overs separated in May, 1980, when Mrs. Overs, along with the couple's sixteen-year-old daughter,[3] left the marital domicile. Appellant claims the record does not support a finding that Appellee established entitlement to support inasmuch as Appellee failed to show that her voluntary withdrawal from the family home was legally justified.

In an action for support where the wife has voluntarily withdrawn from the common abode, without the consent of the husband, the law is well settled.

> In such an instance, it is not necessary for the wife to present grounds for leaving her husband which would entitle her to divorce in order to procure an order of support.... The wife need only show by sufficient evidence a reasonable cause that would justify her voluntary withdrawal from the common domicile.

*Commonwealth ex rel. Loosley v. Loosley*, 236 Pa.Super. 389, 391, 345 A.2d 721, 722 (1975) (quoting *Halderman v. Halderman*, 230 Pa.Super. 125, 326 A.2d 908 (1974)). *See also Larkin v. Larkin*, 262 Pa.Super. 294, 396 A.2d 761 (1978).

■ The record amply supports a finding that Appellee was justified in leaving Appellant. Appellee has worked outside the home for nine years, forty hours a week as a *cleaning lady*, and weekends in a grocery store. N.T. at 7. Appellee testified she sought employment because her husband, earning approximately $31,700 annually as a *senior*

---

**2.** The Order and the Opinion in support thereof, were issued by the court below after it reviewed both the testimony taken at the hearing held in connection with this matter and the recommendation of the hearing officer.

**3.** The couple's fifteen-year-old son continued to reside with Donald Overs.

*engineer* for Westinghouse Corporation, refused to provide her with money for, inter alia, clothing, medicine, and other personal expenses. N.T. at 6. Moreover, Appellant humiliated and embarrassed Appellee in front of the children and friends by accusing her of lying, of infidelity and of inability to take care of the home. N.T. at 24. He did not allow her to make independent decisions in matters of finances and of housekeeping. N.T. at 26. Actually, Appellee cited a litany of abuses which clearly constitute reasonable cause for voluntary withdrawal from the common domicile, hence entitlement was proved.

■ Appellant next contends that he was denied a fair hearing and argues, in support thereof, that he was precluded by the hearing officer from presenting his case and that the hearing officer ought to have granted a continuance, because Appellant appeared at the hearing without counsel.[4] These arguments can be disposed of easily. The record reveals that Appellant *never requested* a continuance and was not precluded from presenting rebuttal testimony. In point of fact, the hearing officer, on four occasions, invited Appellant to cross-examine Appellee on the issue of entitlement, N.T. at 31–33, but he failed to do so. Appellant was also offered the opportunity, at a later point in the hearing, to present further testimony. He declined.[5] Consequently, he will not now be heard to complain that the hearing was unfair.

■ Appellant's third assertion of error is that the court below unjustifiably reduced Appellee's income figure by

**4.** Appellant alternatively argues that, in the absence of a reasonable record on the issue of whether he was unrepresented at the hearing by choice or by mischance, the hearing must be considered unfair. Brief for Appellant at 17–18. Appellant waived this issue, however, in failing to raise it in his exceptions and Brief in support thereof. *See* n. 1. *supra.*

**5.** Hearing Officer: "Mr. Overs, is there anything further you wish to present?"
Mr. Overs: "No. I am not in a position to present anything now." N.T. at 60.

failing to include, in the computation thereof, the wages she earned in her weekend job.[6] The court, however, reasoned:

Defendant's net income is $1865.00 per month. Plaintiff's net income was computed at $438.00 per month. Plaintiff was earning somewhat more than that amount, but she did so by working seven days a week. At the hearing, Plaintiff indicated that she desired to work only five days a week. Defendant offered no reason why Plaintiff should have to work seven days a week, and it appears equitable to this Court that she have (sic) to work only five. Both parties have one minor child residing with them.

Trial Ct. Slip Op. at 5–6.

Our scope of review in support matters is extremely limited.

In support proceedings, an appellate court will defer to the lower court, absent a showing of a clear abuse of discretion... In order to determine whether an abuse of discretion has occurred, we consider whether the lower court has misapplied or overridden existing law, made a manifestly unreasonable judgment, or ruled with partiality, prejudice, bias or ill will.

*Machen v. Machen*, 278 Pa.Super. 135, 137, 420 A.2d 466, 467 (1980) (citations omitted). Utilizing this standard, we find the lower court has not abused its discretion in concluding that Appellee was entitled to spend some time with her teenage daughter, rather than be compelled to be gainfully employed seven days a week.

■ Appellant's final assertion is that the court improperly considered past indebtedness in setting the support figure. Relying on *Commonwealth ex rel. Gutzeit v. Gutzeit*, 200 Pa.Super. 401, 409, 189 A.2d 324, 328 (1963), and *Commonwealth ex rel. Goichman v. Goichman*, 219 Pa.Super. 367, 281 A.2d 333 (1971), as well as Appellant's testimony that she owed substantial amounts to department stores and loan companies, Appellant argued below, as he does on appeal,

6. Working as a cleaning lady five days a week, Appellee received approximately $440 per month. She also earned $200 per month working in a grocery store on weekends.

that the court allowed an "amount of support which ... *evidently* is intended to pay for back bills incurred by Plaintiff." Trial Ct. Slip Op. at 6 (quoting Appellant's Statement of Matters Complained Of on Appeal) (emphasis added). To this assertion the court below responded: "[T]he amount awarded does not cover Plaintiff's full expenses as shown on her budget. Moreover, while expenses were considered in making the order, the most important factor was the respective income of the parties." Trial Ct. Slip Op. at 7.

Based upon our review of the record, as well as the reasons for the amount awarded as set forth in the Opinion issued by the lower court, we find the Order in question to be prospective only and we thus reject Appellant's final assertion in support of reversal.

Order affirmed.

Decision was rendered prior to SHERTZ, J., leaving the Superior Court of Pennsylvania.