471 A.2d 529

**Fred LOWENSCHUSS, Appellant**

v.

**Beverly P. SELNICK.**

Superior Court of Pennsylvania.

Argued Sept. 15, 1983.

Filed Jan. 27, 1984.

Jack M. Bernard and Daniel R. Sherzer, Philadelphia, for appellant.

Albert Momjian, Philadelphia, for appellee.

Before McEWEN, JOHNSON and HESTER, JJ.

HESTER, Judge:

On September 28, 1981, appellee, Beverly Selnick, filed a Complaint in Divorce in the Court of Common Pleas of Montgomery County against appellant, Fred Lowenschuss.

The Complaint included ancillary claims for alimony, alimony pendente lite, child and spousal support, child custody, counsel fees, costs and expenses and certain equitable relief. Appellant's answer to the Complaint contained numerous allegations, the most noteworthy of which was that the parties were never lawfully married due to appellee's procurement of an invalid Alabama decree for divorce from her first husband, Elliot Bender. Appellant raised this same argument in preliminary objections. The Court of Common Pleas of Montgomery County dismissed the preliminary objections. Appellant's appeal from said dismissal was quashed by this Court on June 2, 1982.

On October 27, 1981, appellant filed a Complaint in Equity in the Court of Common Pleas of Philadelphia County asserting that, following the parties' separation, appellee entered his home without authority and removed therefrom several items of personal property which were purportedly solely owned by appellant. Through this Complaint, appellant sought an injunction to bar appellee from his home and to compel her to return the missing property. Pursuant to appellee's motion to dismiss, a rule to show cause why said Complaint in Equity should not be dismissed was entered against appellant. Following oral argument, the Complaint was dismissed. This appeal followed.

Appellant makes the following arguments: 1) Where the facts of record conclusively establish that the parties have never been lawfully married to each other, a court has no jurisdiction to entertain a claim for divorce; (2) Where the parties are not legally married, thereby negating the court's subject matter jurisdiction under the Divorce Code of 1980, one party may maintain an equity action as a jurisdictional "saving" action for claims properly brought before equity court in anticipation of the dismissal of the divorce action.

These arguments direct us to decide whether it is proper to maintain an equity action arising out of a marital relationship while a divorce proceeding is pending, which, if subject matter jurisdiction exists, can address the same issue raised in the equity action.

Section 301(a) of the Divorce Code sets forth in general terms the jurisdictional powers of the court in divorce proceedings:

§ 301   Jurisdiction

(a) The courts of this Commonwealth as defined in section 104 shall have original jurisdiction in cases of divorce *and for the annulment of void or voidable marriages* and, where they have jurisdiction, shall determine in conjunction with any decree granting a divorce or annulment the following matters, where raised in the complaint or the answer and issue appropriate decrees or orders with reference thereto and may retain continuing jurisdiction thereof:

(1) The determination and disposition of property rights and interests between spouses, including any rights created by an antenuptial, postnuptial, or separation agreement and including the partition of ·property held as tenants by the entireties or otherwise and any accounting between them, and the order of any alimony, alimony pendente lite, counsel fees, or costs authorized by law.

(2) The future care, custody and visitation rights as to children of such marriage or purported marriage.

(3) Any support or assistance which shall be paid for the benefit of any children of such marriage or purported marriage.

(4) Any property settlement, involving any of the matters set forth in paragraphs (1), (2) and (3) as submitted by the parties.

(5) *Any other matters pertaining to such marriage and divorce or annulment authorized by law and which fairly and expeditiously may be determined and disposed of in such action.*

23 P.S. § 301(a).

Rule 1920.43(a) of the Pa.R.C.P. provides the equitable relief necessary to redress the dissipation of marital property where a divorce proceeding is pending:

Rule 1920.43.   Special Relief

(a) At any time after the filing of the complaint, on petition setting forth facts entitling the party to relief, the court may, upon such terms and conditions as it deems just, including the filing of security,

(1) issue preliminary or special injunctions necessary to prevent the removal, disposition, alienation or encumbering of real or personal property in accordance with Rule 1531(a), (c), (d) and (e); or

(2) order the seizure or attachment of real or personal property; or

(3) grant other appropriate relief.

Finally, § 403(a) of the Divorce Code parallels the equitable relief provided in § 301(a)(5) and Rule 1920.43:

§ 403. Injunction against disposition of property pending suit and decree rendering fraudulent transfers null and void

(a) Where it appears to the court that a party is about to remove himself or herself or his or her property from the jurisdiction of the court or is about to dispose of, alienate or encumber property in order to defeat alimony pendente lite, alimony, child and spousal support, or similar award, an injunction may issue to prevent such removal or disposition and such property may be attached as provided by the Rules of Civil Procedure. The court may also issue a writ of ne exeat to preclude such removal. 23 P.S. § 403(a).

Therefore, it is thoroughly set forth in the Divorce Code that the court presiding over divorce proceedings has the jurisdiction to issue equitable relief in the form of enjoining a party from disposing of marital property prior to adjudication or settlement of the equitable distribution issue. Furthermore, in the event marital property is removed by one party, said party can be ordered to make the property available so that the equitable distribution order or agreement can be implemented. In providing monetary awards and prescribing injunctive relief then, divorce courts are empowered to grant both legal and equitable relief.

Appellant does not deny the jurisdiction of divorce courts over the equitable claim which he filed in equity court. Instead, appellant maintains that a divorce court has no jurisdiction to preside over an issue arising from the conflict between appellee and himself, due to the fact that he and appellee are not married to one another. Appellant directs our attention to appellee's sworn statements taken during a deposition through which appellee purportedly admitted to the invalidity of the Alabama decree in divorce entered between her and her first husband.

Appellant's Complaint in Equity, filed in the Court of Common Pleas of *Philadelphia* County, and his Counterclaim to appellee's Complaint in Divorce, filed in the Court of Common Pleas of *Montgomery* County, involved the same parties, pursued identical rights and sought the same injunctive relief. As a result, appellee had available to her a defense of lis pendens to appellant's equity action. *Glazer v. Cambridge Industries, Inc.,* 281 Pa.Super. 621, 422 A.2d 642 (1980); *Taylor v. Humble Oil and Refining Company,* 225 Pa.Super. 177, 311 A.2d 324 (1973). However, a mere allegation that a prior action was pending will not carry the moving party's burden. The moving party must allege and prove that in both actions, "the same parties are involved, the same rights asserted, and the same relief sought." *Procacina v. Susen,* 301 Pa.Super. 392, 394, 447 A.2d 1023, 1025 (1982); *Commonwealth ex rel. Lindsley v. Robinson,* 30 Pa.Cmwlth. 96, 372 A.2d 1258 (1977). This rule was established in *Hessenbruch v. Markle,* 194 Pa. 581, 45 A. 669 (1900):

A plea of former suit pending must allege that the case is the same, the parties are the same, and the rights asserted and the relief prayed for the same; and, where the truth of the plea can be ascertained by an inspection of the record, the court will determine the question without a reference. Id., 194 Pa. at 593; 45 A. at 671, citing *Harrisburg v. Harrisburg City Passenger Ry.,* 1 Pa. Dist Rep. 192.

Appellee did not specifically allege dismissal on the grounds of lis pendens nor did the lower court address these grounds. Instead, appellee argues that insofar as actions for partition and replevin have been dismissed where a divorce action was pending, citing *Kramer v. Kramer*, 110 Montg.Co.L.R. 135 (1982) and *Ferri v. Ferri*, 129 P.L.J. 449 (1981), it is appropriate here to dismiss appellant's equity complaint due to the aforementioned powers of the Montgomery County divorce court to grant the identical equitable relief.

■ Appellant has filed six appeals to this Court; five were filed from orders entered by the Montgomery County Court of Common Pleas in the parties' pending divorce action and this instant appeal was filed from the order entered by the Philadelphia County Court of Common Pleas. Two appeals were quashed in June, 1982 and the remaining four appeals have been addressed by this panel. With the complete records from both Montgomery County and Philadelphia County proceedings at our disposal, we have taken the opportunity to peruse appellant's Counterclaim in Divorce and Complaint in Equity. Despite appellee's failure to allege dismissal on lis pendens grounds, we are convinced that the parties' rights asserted and relief sought were the same. We are inclined, therefore, to find that where the complete records from two actions are available for review by an appellate court, the court can determine for itself whether lis pendens properly precipitates dismissal of the second action. In so holding, we do not sanction a defendant's failure to allege lis pendens with specificity. Under these special circumstances, however, it would be inappropriate to reverse or remand with instructions to permit appellee's amendment of her motion to dismiss and to conduct a hearing on the defense of lis pendens.

■ One issue remains. Appellant argues that Montgomery County has no jurisdiction due to his belief that the depositions unequivocally reflect the invalidity of appellee's decree in divorce from her first husband, thereby rendering void ab initio the parties' marriage. Appellant's preliminary

objections to appellee's Complaint in Divorce included this jurisdictional argument. The Court of Common Pleas of Montgomery County denied the preliminary objections. His appeal therefrom was quashed by this Court in June, 1982. At this moment, the Montgomery County Court of Common Pleas is indeed exercising jurisdiction over the divorce action. Its exercise of jurisdiction over the divorce action and all ancillary claims is, at the moment, with statutory authority. 23 P.S. § 301(a); Pa.R.C.P. 1920.43(a); 23 P.S. § 403(a). Until further order of court, jurisdiction is proper. Whether it remains so may yet be determined following a motion for summary judgment on the deposition, or further appeal to this Court. The jurisdiction of the Court of Common Pleas of Montgomery County to entertain a divorce proceeding is not properly before us in this appeal from the dismissal of an equity action in Philadelphia County. There were two actions with proper jurisdictional basis concerning the same parties, same rights asserted and same relief requested. The lower court properly dismissed the later filed action.

Order affirmed.

JOHNSON, J., concurs in the result.