475 A.2d 127

**Beverly P. LOWENSCHUSS**

v.

**Fred LOWENSCHUSS, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 15, 1983.

Filed March 30, 1984.

Reargument Denied June 5, 1984.

Petition for Allowance of Appeal Denied Sept. 20, 1984.

121

Jack M. Bernard, Philadelphia, for appellant.

Albert Momjian, Philadelphia, for appellee.

Before McEWEN, JOHNSON and HESTER, JJ.

McEWEN, Judge:

We here study an appeal from an order in a divorce proceeding which awarded to appellee the sums of $10,000 for interim counsel fees and $2,500 for the payment of

"costs".[1] Appellant argues that: (1) the Montgomery County Court of Common Pleas was without jurisdiction to award interim counsel fees and expenses to appellee as no valid marriage existed between the parties; (2) the court erred in awarding counsel fees to appellee as counsel for appellee did not attempt to amicably resolve the matter, reconcile the parties or "preserve the family unit"; (3) the amount awarded for interim counsel fees was excessive; (4) the court erred in awarding a sum for interim expenses not yet incurred; and (5) counsel for appellee failed to adequately document the charges in their bill. We find that the learned Judge Anita B. Brody properly awarded appellee the sums of $10,000 as interim counsel fees and $2,500.00 as interim expenses.

Appellee filed a complaint in divorce on September 28, 1981, pursuant to the Divorce Code of 1980 [2] alleging that her husband, the appellant herein, offered such indignities to her as to render her condition intolerable and her life burdensome.[3] Appellee also sought a no-fault divorce pursuant to Sections 201(c) [4] and 201(d) [5] of the Divorce Code, reasonable child support, alimony, alimony pendente lite, counsel fees, equitable distribution of the marital property and payment of costs and expenses.

Thereafter, on February 16, 1982, appellee filed a petition for interim counsel fees, expenses and appraiser's fees. After a hearing on the petition, Judge Brody issued an order awarding $10,000.00 for interim counsel fees and $2,500.00 for interim expenses. Appellant undertook the present appeal after his exceptions were dismissed by the court.

1. We note that the amounts sought as "costs"—appraiser's fees, accountant's fees and pension expert's fees—are actually expenses and will be so described throughout this opinion.

2. Act of April 2, 1980, P.L. 63, No. 26, 23 P.S. § 101 *et seq.*

3. Act of April 2, 1980, P.L. 63, No. 26, 23 P.S. § 201(a)(6).

4. Act of April 2, 1980, P.L. 63, No. 26, 23 P.S. § 201(c).

5. Act of April 2, 1980, P.L. 63, No. 26, 23 P.S. § 201(d).

■ Initially, we observe that the appeal from the order awarding interim counsel fees and expenses is properly before us for review. This Court, sitting *en banc*, has recently held that an order granting or denying interim counsel fees and expenses is a final, appealable order. *See Sutliff v. Sutliff*, 326 Pa.Super. 496, 474 A.2d 599 (1984). We are, therefore, possessed of jurisdiction to entertain the instant appeal.

■ Appellant initially argues that the hearing court had no authority to award interim counsel fees and expenses since, allegedly, no valid marriage ever existed between the parties. This Court, however, has recently held that jurisdiction over this divorce action properly lies in the Montgomery County Court of Common Pleas. *See Lowenschuss v. Selnick*, 324 Pa.Super. 193, 471 A.2d 529 (1984).[6] As such, the trial court was within its authority when it awarded interim counsel fees and expenses. *See* Act of April 2, 1980, P.L. 63, No. 26, 23 P.S. § 401(b).

■ Appellant next argues that counsel for appellee should not have been awarded counsel fees since counsel instituted an action in divorce when, allegedly, no valid marriage existed. Appellant also argues that the court erred in making an interim award of counsel fees because counsel made no effort to "preserve the family unit". These arguments, however, are not relevant to the issue of the ability of appellant to pay counsel fees nor of appellee's need therefor. Moreover, counsel was under no obligation to attempt a reconciliation of the parties. We, therefore, reject these assertions as meritless.

6. To quote our distinguished colleague Judge John P. Hester:

"At this moment, the Montgomery County Court of Common Pleas is indeed exercising jurisdiction over the divorce action. Its exercise of jurisdiction over the divorce action and all ancillary claims is, at the moment, with statutory authority. 23 P.S. § 301(a); Pa.R.C.P. 1920.43(a); 23 P.S. § 403(a). Until further order of court jurisdiction is proper. Whether it remains so may yet be determined following a motion for summary judgment on the deposition, or further appeal to this court."

*Lowenschuss v. Selnick*, 324 Pa.Super. 193, 200, 471 A.2d 529, 532 (1984).

In reviewing the allegation that the trial court abused its discretion in awarding as interim counsel fees the sum of $10,000, we are guided by the rule enunciated in *Jack v. Jack*, 253 Pa.Super. 538, 385 A.2d 469 (1978):

> No standard is fixed for determination of the amount of counsel fee other than the requirement that it must be reasonable. Consideration must be given to the husband's ability to pay, the wife's necessity, and to the extent of her separate estate. [citation omitted].
>
> 'How much shall be allowed as alimony and for counsel fees and expenses is a matter of judicial discretion and the validity of the order depends upon the proper exercise of that discretion.... This court will not reverse an order of the court below "except for plain abuse of discretion".... ... There are no fixed rules as to the amount to be allowed. It is not to be measured solely by the value of counsel's services or by the wife's necessities. "The husband's ability to pay, the separate estate of the wife, the character, situation and surroundings of the parties are all to be considered in determining a fair and just amount which the husband should pay." '

*Id.* 253 Pa.Super. at 545, 385 A.2d at 473 *quoting Shuman v. Shuman*, 195 Pa.Super. 155, 157, 170 A.2d 602, 603 (1961). *See also Fried v. Fried*, 326 Pa.Super. 271, 473 A.2d 1087 (1984); *Remick v. Remick*, 310 Pa.Super. 23, 456 A.2d 163 (1983).

■ Appellee offered as evidence in support of her request for an interim award of counsel fees a bill from the law firm of Abraham & Loewenstein in the amount of $21,975.75 for professional services rendered in the divorce action and related proceedings during the period from September 15, 1981, to February 29, 1982.[7] Appellee also introduced evidence documenting approximately 200 hours of work performed by members of the law firm as well as

---

7. This bill included monies for expenses in the amount of $107.75 but did not reflect a payment by appellee of $1,500. as a retainer.

evidence relating to the firm's fees schedules and billing system.[8] Appellee presented the testimony of an expert

8. In her opinion, Judge Brody stated:
"It is evident from both the record made before this court and the lengthy docket preceding this hearing, that the case before us involved numerous complex legal issues necessitating substantial expenditures of time and effort by counsel."
The partial recitation of docket entries in this action, as summarized by Judge Brody in her opinion, illustrates the nature of the proceedings in this action:
On September 28, 1981, [appellee] filed a Complaint in Divorce including counts for equitable distribution of marital property, child support, confirmation of custody, alimony pendente lite, alimony, counsel fees, costs and expenses, etc. In brief, the procedural history is as follows:
[Appellant] filed preliminary objections demurring to the complaint, and challenging the Court's jurisdiction on the grounds that (a) no valid marriage existed, (b) the Divorce Code is unconstitutional and (c) the Court has no power over property acquired prior to the effective date of The Divorce Code. [Appellee] answered these objections on November 18 and filed a brief on December 3, 1981.
On October 9, 1981 [appellee] filed interrogatories addressed to [appellant].
[Appellant] filed interrogatories and requests for admissions to which [appellee] filed objections on November 18, 1981. On December 9, 1981 [appellant] filed petitions to compel discovery, which were answered on January 8, 1982. On January 11, 1982, both petitions were placed on the argument list.
On January 8, 1982, the support master recommended alimony pendente lite of $1651 per month and $4367 child support effective October 9, 1981. On January 11, 1982 [appellant] filed exceptions, requesting that the matter be heard de novo.
On January 11, 1982 [appellant] filed a petition for custody of the parties' four minor children, which was set for hearing on February 16, 1982.
On February 9, 1982, [appellee] filed a motion and rule for dismissal of [appellant's] objections to interrogatories and to compel answers thereto, which rule was returnable on March 26, 1982. On the same day, [appellee] filed a motion and rule for sanctions against the [appellant] for failure to file an inventory and appraisement of property pursuant to Montgomery County Rule of Civil Procedure 1920.33. On the same day, [appellee] filed a petition and rule for interim counsel fees and costs, expenses and appraiser's fees. [Appellee] also filed a petition for an injunction pursuant to Sections 301(a)(2), 401(c) and 403(a) of the Divorce Code, seeking to enjoin the [appellant] from alienating, assigning, conveying or otherwise disposing of marital property.
On February 4, 1982, this Court entered a temporary order of support for three children in the amount of $3050 per month and alimony pendente lite of $800 per month for [appellee], from which order [appellant] appealed.

witness, who the trial court found to be credible, regarding the reasonableness of the fees charged. Appellee also introduced evidence establishing that she earns a gross salary of $18,000 a year and possesses assets in the amount of approximately $5,000, and is unable to pay for the legal

On February 17, 1982, [appellant] filed a petition and rule for an injunction against and/or stay of all proceedings until a final determination of preliminary objections.

On February 16, 1982, after taking testimony, Judge Tredinnick entered a temporary order for custody.

On February 18, 1982, Judge Brown entered an order dismissing [appellant's] preliminary objections to the Complaint. [Appellant] thereafter filed a notice of appeal. [Appellant] also filed a petition for supersedeas requesting that the appeal taken from the February 4, 1982, order of child support and alimony pendente lite operate as a supersedeas without filing security.

On March 9, 1982, [appellee] filed an answer to [appellant's] petition for injunction and/or stay of proceedings.

On March 22, 1982, [appellee's] counsel filed a motion for a protective order with respect to a subpoena duces tecum served upon Albert Momjian, Esquire.

On March 23, 1982, [appellant] filed a motion for a protective order and/or to quash the subpoena duces tecum served upon him on March 17, 1982.

On March 24, 1982, [appellee] filed with the Superior Court a motion to quash the appeal from Judge Brown's order dismissing the Preliminary Objections. [Appellee] also filed a motion to quash the appeal from the temporary order of support and alimony *pendente lite.*

On March 26, 1982, [appellee's] reply to [appellant's] new matter in [appellee's] petition for injunction and petition for interim counsel fees, etc. was filed.

On April 20, 1982, [appellee's] reply to [appellant's] New Matter and [appellee's] motion for dismissal of objections to interrogatories and to compel answers to the interrogatories was filed. On the same day, [appellee] filed a reply to [appellant's] new matter in [appellee's] petition for leave to take discovery. [Appellee's] reply to [appellant's] new matter and [appellee's] motion for sanctions for failure to file an inventory and appraisement of property was also filed on that date.

On October 27, 1981, [appellant] filed a complaint in equity against Mrs. Lowenschuss in Philadelphia County, seeking to restrain her from entering the residence at 1425 Colton Road, in Gladwyne, and seeking return of personalty allegedly owned by [appellant] and taken by [appellee]. On February 23, 1982, pursuant to Mrs. Lowenschuss' motion, Judge Bonavitacola of the Court of Common Pleas of Philadelphia entered an order dismissing the [appellant's] equity action. Mr. Lowenschuss' appeal is now pending before the Superior Court.

On July 28, 1982 the Court issued [the order here reviewed].

services rendered on her behalf by the firm of Abrahams & Loewenstein. Appellant on the other hand, refused to submit any evidence of his earnings or assets but rather stipulated that he had the means to pay any order for counsel fees up to $30,000. Moreover, appellant produced no evidence suggesting that the evidence produced by appellee was inaccurate. After a careful review of the record in this case and the opinion of Judge Brody, we are satisfied that counsel for appellee adequately documented the charges contained in appellee's bill for services and that Judge Brody, who considered all of the factors relevant to such a decision, properly exercised her discretion in awarding appellee the sum of $10,000 for interim counsel fees.

■ Appellant's final assertion of error concerns the interim award of $2,500 to appellee for expenses. Section 401(b) of the Divorce Code provides in relevant part:

§ 401. **Decree of Court.**

(b) .... The court may order alimony, *reasonable counsel fees and expenses pending final disposition of the matters provided for in this subsection* and upon final disposition, the court may award costs to the party in whose favor the order or decree shall be entered, or may order that each party shall pay his or her own costs, or may order that costs be divided equitably as it shall appear just and reasonable.

Act of April 2, 1980, P.L. 63, No. 26, 23 P.S. § 401(b) (emphasis added). Thus, the trial court properly exercised its discretion in awarding the sum of $2,500 to appellee for interim expenses.

Order affirmed. Jurisdiction is relinquished.