476 A.2d 957

**Alice S. GRONER**

v.

**Bruce E. GRONER, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 8, 1983.

Filed May 11, 1984.

192

Donald S. Himmelreich, Easton, for appellant.

Richard J. Shiroff, Easton, for appellee.

Before CAVANAUGH, BROSKY and POPOVICH, JJ.

BROSKY, Judge:

This is a consolidated appeal from orders setting the amount of child support, alimony *pendente lite* and counsel fees and costs to be paid by appellant. Five issues are raised for our review: first, that the order regarding alimony *pendente lite*, counsel fees and costs is appealable; second, that the alimony *pendente lite* award should not have been made retroactive; third and fourth, that the court below erred in imputing an excessive amount of appellant's corporate assets as personal earning capacity and in not considering appellee's assets *vis-a-vis* the alimo-

ny *pendente lite* (including counsel fees and costs) and child support orders respectively; and fifth, that the court below should have held a *de novo* hearing as requested on the child support issue.

We find that the award of alimony *pendente lite* is appealable at this time. The retroactive effect given the alimony *pendente lite* award is waived. We find no abuse of discretion in the amount of the award of the alimony *pendente lite;* but do not reach the propriety of the support award as we remand for a hearing on that claim.

The result, then, is that the award is affirmed in part—as to the alimony *pendente lite* order and as to the award of counsel fees and costs—and remanded in part—as to child support order for a *de novo* hearing.

## I.

■ The first issue, regarding the appealability of the grant of an award of alimony *pendente lite,* may be quickly disposed of. It has long been the rule in this Commonwealth that such an order is interlocutorily appealable. *Rutherford v. Rutherford,* 152 Pa.Super. 517, 32 A.2d 921 (1943). This has recently been held to be the practice under the Divorce Code. *Lowenschuss v. Lowenschuss,* 327 Pa. Super. 120, 475 A.2d 127.

## II.

■ The second issue, dealing with the retroactivity of the alimony *pendente lite* award, has been waived through its absence below. *Overs v. Overs,* 294 Pa.Super. 191, 439 A.2d 815 (1982).

## III.

The third and fourth issues deal with alleged court errors in imputing an excessive amount of appellant's corporate assets as personal earning capacity and in not considering appellee's assets *vis-a-vis* the alimony *pendente lite* and child support orders, respectively. In *Shuman v. Shuman,*

195 Pa.Super. 155 at 157–8, 170 A.2d 602 at 602–3 (1961) this Court stated the standard for appellate review in these cases.

> How much shall be allowed as alimony and for counsel fees and expenses is a matter of judicial discretion and the validity of the order depends upon the proper exercise of that discretion.... ·

> This court will not reverse an order of the court below "except for plain abuse of discretion" ... *Brong v. Brong*, 129 Pa.Super. 224, 195 A. 439.

A review of the opinion of the Court of Common Pleas and of the record reveals no such abuse of discretion and, accordingly, we reject appellant's claims as to the amount of the alimony *pendente lite* award. However, since we are remanding for a hearing on the child support matter, we do not reach the merits of appellant's arguments *vis-a-vis* the support award.

## IV.

■ Appellant also contends that the court below erred in failing to hold a requested *de novo* hearing on the child support matter. We agree.

It is not disputed that appellant requested a *de novo* hearing before the trial court after the determination made by the court's domestic relations office; nor that such a hearing did not take place. Two matters remain: does appellant have a right to a *de novo* hearing and, if so, were any circumstances present which would prevent appellant asserting that right?

The answer to the first enquiry is in the affirmative. The applicable rule reads:

> (i) If the court does not enter an order under subdivision (d) or (f) within five days of the conference, or if an order is entered and a demand for a hearing before the court is filed, there shall be a hearing de novo before the court. The domestic relations section shall schedule the hearing and give notice to the parties.

Pa.R.Civ.P. 1910.11(i). The circumstances which the rule requires for its activation were met here. The language of the rule is clear—appellant has a right to a *de novo* hearing.

Considering the second enquiry, we find that no events occurred which defeated that right. The opinion of the court below offers two theories in support of the absence of a hearing. First, the court states that appellant requested a general continuance and then failed to act to bring the case before the court.[1] This assertion is not supported by the record. As facts appearing in the opinion of the court below do not become of record by virtue of their inclusion in the opinion, we cannot affirm on those grounds. *Hatalowich v. Bednarski*, 315 Pa.Super. 303, 461 A.2d 1292 (1983). Second, the court stated that a hearing was unnecessary as it had based its determination upon the record into which appellant should already have inserted all relevant material. In response, appellant argues that it was not harmless error to deprive him of a hearing in that he needed to rebut the allegedly inaccurate computations made by the domestic relations office. Even more persuasively he contends that the rule doesn't contemplate such a reliance upon the record as a substitute for the *de novo* hearing. Indeed it does not. The rule is directive, not elective, and appellant has an enforceable right to his day in court.

The child support matter is remanded for a *de novo* hearing and we relinquish jurisdiction.[2]

## V.

While not before us on appeal at this time, we choose to address another order entered in this case. After the instant appeal was taken, the court below entered a supersedeas of the payment of child support conditioned upon the

1. Appellant responds that he did not request a general continuance, but acceded to the entry of a temporary order pending the hearing.

2. In order to not leave the children destitute in the interim, the child support payments will continue as before, pending a new decision by the court below after the *de novo* hearing.

posting of security equal to the amount that would otherwise be paid over an 18 month period.

That pertinent rule reads:

Rule 1731. Automatic Supersedeas of Orders for the Payment of Money.

An appeal from an order involving solely the payment of money shall, unless otherwise ordered pursuant to this chapter, operate as a supersedeas upon the filing with the clerk of the lower court of appropriate security in the amount of 120% of the amount found due by the lower court and remaining unpaid. Where the amount is payable over a period of time, the amount found due for the purposes of this rule shall be the aggregate amount payable within 18 months after entry of the order.

Pa.R.A.P. 1731.

In 1979, an explanatory note was added to this rule.

Where an order, such as a support order, provides for payment of money over time, the amount payable during the first 18 months is made the amount on which the automatic supersedeas bond is calculated.

This comment would appear to sanction the placing of a supersedeas on a support order. Nonetheless, we conclude that it is improper to place a supersedeas on a support order.

First, we note that the comments to the rules are not the rules themselves and are not binding upon us. *Commonwealth v. Taylor*, 254 Pa.Super. 211 at 214, 385 A.2d 984 at 985 (1978); *Commonwealth v. LaMonna*, 473 Pa. 248 at 259, 373 A.2d 1355 at 1360 (1977) (Eagen, C.J., concurring).

Recognizing that our application of Rule 1731 may be guided by the comment but that we are not fettered by it, we next turn to the rules governing the interpretation of the rules.

In ascertaining the intention of the Supreme Court in the promulgation of a rule, the courts may be guided by the following presumptions among others:

(a) That the Supreme Court does not intend a result that is absurd, impossible of execution or unreasonable.

Pa.R.Civ.P. 128. The previous rule also tells us to look to the consequences of a particular interpretation. Pa.R. Civ.P. 127(c)(6). Our belief that it is unwise to grant a supersedeas on bond to a support order is thus within the scope of our interpretive function; for the consequences of applying the rule to that particular situation would be clearly unreasonable.

The case law on this point is meager, but we quote with approval a case under the preceding statute, 12 P.S. § 1138.

If a supersedeas is allowed he will be excused from paying her anything until the determination of his appeal by the Superior Court. Wife plaintiff would thereby be deprived of the ability to contest the appeal and to carry on her action. An exceedingly bad precedent would be established, defeating the very purpose for which courts are empowered to grant the wife in divorce proceedings appropriate counsel fees and alimony pendente lite. The very term "alimony pendente lite" means support during litigation, and not the mere possibility of collecting something *after* the litigation, or any especial phase of it, has ended.

The purpose is obviously to prevent a husband's defeating his wife's action by the simple process of making it financially impossible for her to carry it on.

Furthermore, the order for alimony and counsel fees differs essentially from the ordinary order or judgment for the payment of money, and we cannot believe the legislature, by the Act of May 19, 1897, intended to strip the wife in a divorce proceeding of the protection the law has for so long afforded her.

*Simpson v. Simpson (No. 2)*, 3 D & C2d 665 at 666–7 (1954).[3] While *Simpson* involved alimony *pendente lite* and counsel fees, its rationale is totally transferable to the situation before us, a child support order. A mother who is

3. See 3 Goodrich-Amram 2d 337 and *Stein v. Stein,* 109 Montg.Co.L.R. 250 (1981).

destitute for lack of child support funds will be just as unable to enforce her rights in the courts as one who is destitute for lack of alimony *pendente lite.*

Even if the appellee were not still involved in pending litigation the suspension of the child support payments would still be reprehensible. Those responsible for the care of children must make expenditures other than attorney's fees on the child's behalf.[4] The Supreme Court of Arkansas on an entirely parallel matter noted the distinction between the ordinary application of the rule and its operation in a situation like the one before us.

> The legislature has not attempted to say exactly when an appellant is "entitled" to a stay on appeal.
>
> Ordinarily a writ of supersedeas is obtainable as a matter of course with respect to a judgment for damages in a contract or tort action. In that situation the appellee is adequately protected by a supersedeas bond guaranteeing that his judgment, if it is affirmed, will be paid in full, with interest and court costs. But other considerations must be taken into account with respect to a decree for alimony or child support. Despite the dissolution of the marriage the husband may still be responsible for the support of his former wife and his children. Those dependents are not to be left penniless during the pendency of an appeal....
>
> In a recent case, *Crowder v. Butt,* our per curiam order of September 7, 1959, read in part: "The trial court had discretion and power to fix custody pending our decision. There is no absolute right of supersedeas in child custody cases." We adhere to that view ...

---

4. We note that notwithstanding every effort of this Court to expedite cases of this type, the child support order was entered on December 15, 1982; that an appeal was taken in a timely fashion; that the supersedeas order was entered on January 24, 1982 and an opinion filed below on February 16, 1983; that the bond was posted suspending payment of child support on April 15, 1983; that this case was argued before this Court on December 8, 1983 and an opinion filed less than 120 days later. The point is that the supersedeas was in effect for more than 11 months and, if the bond had been posted as soon as possible, that the supersedeas could have been in effect for nearly a year!

*Goodin v. Goodin,* 240 Ark. 541, 400 S.W.2d 665 at 666–7 (1966).

We ourselves adhere to the view expressed in *Goodin.* Indeed, it shocks the conscience to contemplate the injustice worked upon the erstwhile recipients of the superseded support order. Is it to be seriously advanced that they can be made whole through the eventual lump sum payment should appellant not prevail on appeal? We think not. These children can hardly postpone their daily needs for food, clothing and shelter for a year or more (pending the outcome of the appeal). The law in its ultimate vitality—its desire to do the right thing—must recognize the crucial distinction to be made between a civil judgment in a tort or contract case and a family support order.

As noted above, we have no jurisdiction over the supersedeas order as the appeal, if any, from the supersedeas is not now before us. For reasons which we would hope are obvious at this juncture, we have proceeded nonetheless to comment upon the supersedeas. This action is taken in the hope that the court below here, and other courts, will be moved to rescind already granted supersedeas orders and to not grant those which may be petitioned in the future.

\*    \*    \*    \*    \*    \*

The order of the court below is affirmed as to the award of counsel fees and costs; the appeal is quashed as to the appeal of the grant of alimony *pendente lite;* and, finally, remanded in part for a *de novo* hearing on the child support matter. Jurisdiction relinquished.

CAVANAUGH and POPOVICH, JJ., file concurring statements.

CAVANAUGH, Judge, concurring:

I concur in the result, but would not reach the issues raised *sua sponte* in Section V of the majority opinion.

POPOVICH, Judge, concurring:

I concur in the result, but I vehemently dissent from the majority's *sua sponte* and unjustified inquiry into the su-

200

persedeas order, which issue was not raised, argued or briefed below and concerning which we do not have the benefit of a lower court opinion. Indeed, the greater part of the majority opinion is composed of dicta which highlights at random and expands upon an issue which is "... not before us on appeal at this time." (Majority at 195–196). *Silvestri v. Slatowski,* 423 Pa. 498, 224 A.2d 212 (1966).