483 A.2d 853

**Helen M. BEASLEY**

v.

**James E. BEASLEY, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 22, 1983.
Filed Sept. 28, 1984.
Reargument Denied Dec. 4, 1984.
Petition for Allowance of Appeal Denied April 24, 1985.

Richard A. Sprague and Michael Minkin, Philadelphia, for appellant.

Neil Hurowitz, King of Prussia, for appellee.

Before SPAETH, President Judge, and MONTEMURO and CERCONE, JJ.

PER CURIAM:

■ This is an appeal from an order of the trial court in a divorce proceeding filed by appellee-wife under the Divorce Code of 1980,[1] granting the request of appellee-wife for $3,500.00 in appraisal costs from appellant-husband. Appellee-wife urges us to quash the appeal as interlocutory. The lower court agreed with appellee that the order was interlocutory and nonappealable. Appellant-husband contends that the lower court abused its discretion in refusing to continue the hearing on the appellee's motion, in entering the order awarding appraisal fees in the absence of appellant and his counsel in derogation of due process, and in

1. Act of April 2, 1980, P.L. 63, No. 26, 23 P.S. § 101 *et seq.*

awarding the requested appraisal fees. Precedent supports the appealability of the instant order.[2]

 However, in this case, the docket reveals that no final order was entered on the docket following appellant's failure to file exceptions. *See* Pa.R.C.P. 1038(e) (on praecipe of party, prothonotary shall enter final judgment if no exceptions are filed timely).

Although in *Sutliff v. Sutliff, supra, Carangelo v. Carangelo,* 321 Pa.Superior Ct. 219, 467 A.2d 1333 (1983), and *Dewalt v. Dewalt,* 309 Pa.Superior Ct. 275, 455 A.2d 156 (1983), our court affirmed the order of the trial court on the theory that the appellant's failure to file exceptions constituted a waiver of the issues raised, the opinions in those cases do not reveal whether or not a final order was entered on the docket following the appellant's failure to file exceptions. In the instant case, the final order was not entered, and we are constrained to quash this appeal. *See Van Ameringen v. Arcadia Co., Inc.,* 299 Pa.Superior Ct. 444, 445 A.2d 837 (1982) (appeal must be quashed where no exceptions were filed and final judgment was not entered on the docket), and cases cited therein.[3]

Appeal quashed.

**2.** In our recent *en banc* decision, *Sutliff v. Sutliff,* 326 Pa.Superior Ct. 496, 474 A.2d 599 (1984), the question for our disposition involved the appealability of an order *denying* alimony *pendente lite,* counsel fees and expenses. In deciding that such an order is appealable, we stated, however, that

> "[I]t is settled law that an order *granting* such interim relief is final and appealable, insofar as the money to be paid under the order is involved, since once paid the money is likely unrecoverable. *Rutherford v. Rutherford,* 152 Pa.Superior Ct. 517, 32 A.2d 921 (1943)."

*See also, Fried v. Fried,* 326 Pa.Super. 271, 473 A.2d 1087 (1984) (order granting interim counsel fees and expenses after denial of appellant's exceptions is final and appealable); *Lowenschuss v. Lowenschuss,* 327 Pa.Super. 120, 475 A.2d 127 (1984) (order granting interim counsel fees and expenses after denial of appellant's exceptions is final and appealable); *Rosen v. Rosen,* 328 Pa.Superior Ct. 93, 476 A.2d 470 (1984) (order granting interim counsel fees and costs after denial of appellant's exceptions is final and appealable).

**3.** Under Pa.R.A.P. 905(a), in the interest of judicial economy, this court may notify counsel that final judgment was not entered on the docket and upon its entry, the appeal is treated as taken from a final order even though judgment was entered after the notice of appeal was filed. However, in this case in which

the issues have not been preserved for review on the merits, we decline to exercise the Rule 905(a) option.