496 A.2d 1199

**Robert J. SZAKMEISTER, Appellant,**

v.

**Geraldine A. SZAKMEISTER.**

Superior Court of Pennsylvania.

Argued May 23, 1985.

Filed Aug. 2, 1985.

James R. Fiorentino, Bethlehem, for appellant.

William F. Moran, Jr., Easton, for appellee.

Before CAVANAUGH, CIRILLO and HESTER, JJ.

HESTER, Judge:

This is an appeal from an order entered by the Court of Common Pleas of Northampton County, Pennsylvania. On June 13, 1984, the Honorable Michael Franciosa directed appellant, Robert J. Szakmeister, to pay alimony pendente lite and counsel fees to appellee, Geraldine A. Szakmeister.

Appellant had instituted an action in divorce pursuant to the Divorce Code of 1980 on June 7, 1982. Appellee then sought alimony pendente lite, counsel fees and costs. Depositions of the parties were taken on November 29, 1983, and were submitted to the court in lieu of a hearing. Following consideration of the notes of testimony, exhibits and arguments of counsel, Judge Franciosa entered a thoughtful opinion and order on June 13, 1984, in which he denied appellee's request for costs, but directed appellant to pay appellee/wife alimony pendente lite in the amount of $230.00 per month, and counsel fees, accrued through February 22, 1984, in the amount of $1,102.50.[1] This appeal followed.

■ This appeal is faulty for two reasons. First, Mr. Szakmeister failed to file a motion for post-trial relief pursuant to Pa.R.C.P. 227.1. The failure to do so precludes consideration of the merits, constitutes a waiver of appellant's objections and requires affirmance of the lower court order. However, when a final order is not entered on the docket following the failure to file such a motion, *Beasley v. Beasley*, 334 Pa.Super. 510, 483 A.2d 853 (1984), requires that the appeal be quashed.

■ The record reveals in this case that a final order was not entered. Thus, this appeal will be quashed pursuant to the mandate of *Beasley*. However, we write initially concerning appellant's failure to file a motion for post-trial relief. We do so in order to dispel any confusion that may exist among members of the bar regarding the present

1. There was no prior referral of the instant claims to a master. The record reveals that the court appointed a master on June 5, 1984, for the consideration of other claims.

reference of Pa.R.C.P. 1920.52 to Pa.R.C.P. 227.1–227.4, although the relevant case law was decided pursuant to Pa.R.C.P. 1920.52 and the now rescinded Pa.R.C.P. 1038(d) and (e).

In *Carangelo v. Carangelo,* 321 Pa.Super. 219, 467 A.2d 1333 (1983), we held that the failure to file exceptions in the trial court to a final order which denies alimony pendente lite and counsel fees after the entry of a divorce decree, constitutes a waiver of the issues. That holding resulted from analysis of Pa.R.C.P. 1920.52(a) and (b). The *Carangelo* court noted that although Pa.R.C.P. 1920.52(a)[2] requires adherence to the exceptions procedure of Pa.R.C.P. 1038(d) and (e) (rescinded December 16, 1983, and replaced by Pa.R.C.P. 227.1 and 227.4), the same requirement applies to Pa.R.C.P. 1920.52(b)[3] claims. This is so because "[s]ubsections (a) and (b) appear ... to have been separated only for the purposes of requiring a statement of reasons for decisions under (a) and allowing only general findings for decisions under (b)." *Carangelo v. Carangelo, supra,* 321 Pa.Superior Ct. at 225–26, 467 A.2d at 1335. *See also Com. ex rel. DeWalt v. DeWalt,* 309 Pa.Super. 275, 455 A.2d 156 (1983) (Although Pa.R.C.P. 1920.52(b) does not specify whether exceptions to an order awarding alimony pendente

**2.** Pa.R.C.P. 1920.52(a) provides,
    (a) In claims involving
        (1) marital property,
        (2) enforcement of marital agreements,
        (3) custody,
        (4) alimony,
        (5) paternity,
        (6) a contested action of divorce, or
        (7) a contested action for annulment,
the trial judge shall enter a decision which shall state the reasons therefore. The practice and procedure thereafter shall be in accordance with Rules of Civil Procedure 227.1 to 227.4 inclusive.

**3.** Pa.R.C.P. 1920.52(b) provides,
    (b) In claims involving
        (1) child support,
        (2) alimony pendente lite,
        (3) counsel fees, costs and expenses,
        (4) an uncontested action of divorce, or
        (5) an uncontested action for annulment,
the decision of the trial judge may consist only of general findings.

lite must be filed, Pa.R.C.P. 1038 does so require, and is applicable to all such orders.)

In *Sutliff v. Sutliff,* 326 Pa.Super. 496, 474 A.2d 599 (1984), this court *en banc* reaffirmed the validity of the cases holding that an order *granting* alimony pendente lite, counsel fees and expenses in a divorce action is an appealable order, and further determined that an order *denying* such interim relief is also final and appealable. *See also Lowenschuss v. Lowenschuss,* 327 Pa.Super. 120, 475 A.2d 127 (1984) (Order granting or denying interim counsel fees and expenses is final, appealable order.) However, the *Sutliff* court, like the court in *Carangelo,* could not reach the merits because the appellant failed to file exceptions to the order of the lower court. *See also Rosen v. Rosen,* 328 Pa.Super. 93, 476 A.2d 470 (1984) (Appellant's failure to file exceptions to the lower court's order granting fees and costs to appellee in a divorce action rendered the issues waived.)

■ It matters not that Pa.R.C.P. 1920.52 was amended to reflect reference to Pa.R.C.P. 227.1–227.4, the replacements to Pa.R.C.P. 1038(d) and (e). The relevance of this amendment simply alters the title of the motion required to have been filed in order to preserve the issues for appeal. *See generally Carangelo v. Carangelo, supra,* 321 Pa.Super. at 224 n. 3, 467 A.2d at 1335 n. 3. Under Pa.R.C.P. 1038, exceptions were required to have been filed; pursuant to Pa.R.C.P. 227.1, the aggrieved party must file a motion for post-trial relief. In both instances, "appellate review is more meaningful when the trial court has first had an opportunity to review its decision and to address the specific allegations of error...." *Com. ex rel. Waltman v. Graczyk,* 501 Pa. 244, 460 A.2d 1098 (1983), quoting, *Jones v. State Auto. Ins. Ass'n,* 309 Pa.Super. 477, 455 A.2d 710 (1983).

However, as noted *supra,* the record in the instant case reveals that a final order was not entered on the docket following Mr. Szakmeister's failure to file a motion for posttrial relief, as required by *Beasley v. Beasley, supra.*

Thus, this appeal must be quashed. As appellant further failed to preserve the issues for appellate review, *Sutliff v. Sutliff, supra,* and *Carangelo v. Carangelo, supra,* it would be futile for us to exercise our option to notify counsel that final judgment was not entered pursuant to Pa.R.A.P. 905(a), and upon its entry, treat the appeal as if taken from a final order. *Beasley v. Beasley, supra,* 334 Pa.Superior Ct. at 512 n. 3, 483 A.2d at 855 n. 3.

Accordingly, this appeal is quashed.