511 A.2d 882

**Shirley F. MADDEN,**

**v.**

**Raymond L. MADDEN, Appellant.**

Superior Court of Pennsylvania.

Argued April 22, 1986.

Filed July 15, 1986.

Frederic G. Antoun, Harrisburg, for appellant.

George A. Vaughn, Lemoyne, for appellee.

Before WICKERSHAM, BROSKY and WATKINS, JJ.

BROSKY, Judge:

This appeal is from an order quashing a supersedeas of an alimony pendente lite obligation. Appellant contends that Pa.R.A.P. 1731 mandates that a supersedeas be allowed on the posting of bond. For the reasons stated in *Groner v. Groner*, 328 Pa.Super. 191, 476 A.2d 957 (1984), we disagree and, accordingly, affirm.

In *Groner*, this Court was moved to address, *sua sponte*, our disfavor with the allowance of a supersedeas, pending appeal, of a support action.[1]

> Indeed, it shocks the conscience to contemplate the injustice worked upon the erstwhile recipients of the superseded support order. Is it to be seriously advanced that they can be made whole through the eventual lump sum payment should appellant not prevail on appeal? We think not. These children can hardly postpone their daily needs for food, clothing and shelter for a year or more (pending the outcome of the appeal). The law in its ultimate vitality—its desire to do the right thing—must recognize the crucial distinction to be made between a civil judgment in a tort or contract case and a family support order.

*Groner*, supra, 328 Pa.Super. at 199, 476 A.2d at 960–61. We continue to be persuaded of the wisdom of this view.

---

1. It is, of course, recognized that *Groner* did not create binding precedent as the other two panel members did not join in the supersedeas issue.

The only distinction between *Groner* and the instant case is that the one *sub judice* involves an alimony pendente lite order while *Groner* concerned a support order. For the purposes of the issue before us, this is not a significant difference. As was noted in *Groner* itself:

> While *Simpson* involved alimony *pendente lite* and counsel fees, its rationale is totally transferable to the situation before us, a child support order. A mother who is destitute for lack of child support funds will be just as unable to enforce her rights in the courts as one who is destitute for lack of alimony *pendente lite*.

*Groner*, supra, 328 Pa.Super. at 197–98, 476 A.2d at 960.[2]

The sentiments expressed in *Groner* are effected in Pa.R. C.P. 1910.24, which provides the following:

Rule 1910.24. Stay of Proceedings

An action for support or a support order may be stayed only by a special order of court upon a showing of compelling circumstances following notice and hearing or upon agreement of the parties in writing.

Adopted April 23, 1981, effective July 22, 1981.

Explanatory Note—1981

> Rule 1910.24 reflects the policy of eliminating delay and procedural impediments to the receiving of support. The routine granting of a stay of proceedings would defeat this policy and have a disastrous effect upon a destitute wife and child. Thus a stay of an action for support or of a support order may only be granted (1) upon a special order of court following notice and hearing or (2) upon written agreement of the parties.

In light of *Groner* and Rule 1910.24 we can find no merit in appellant's argument. Accordingly, we will affirm the order of the court below.

Order affirmed.

---

**2.** *Simpson* was a Common Pleas Court case in which an alimony pendente lite award was not superseded.