## Nebistinsky v. Nebistinsky

*Edward E. Kopko,* for plaintiff.
*Chester C. Corse, Jr.,* for defendant.

DOLBIN, *J.,* August 26, 1986 — The matter before the court is a petition to vacate a supersedeas.

On September 4, 1985, this court entered an opinion and order directing Leonard J. Nebistinsky

(hereinafter referred to as husband) to pay support to Linda E. Nebistinsky (hereinafter referred to as wife) in the amount of $65 per week together with $10 per week on arrears until the sum of $1885 was paid in full, such arrearage accruing from the date of filing of the support action on January 24, 1985. On September 26, 1985, a notice of appeal of the order was filed in the office of the Prothonotary of Schuylkill County and on January 2, 1986, husband deposited with the prothonotary the sum of $6300.

In her petition, wife contends that the effect of the supersedeas is to deprive her of the support necessary to maintain herself during the pendency of the appeal, further contending that if the supersedeas is effective under Rule of Appellate Procedure 1731, it be only effective for distributions of support after the date of the said deposit.

Rule of Appellate Procedure 1731 provides as follows:

"Rule 1731. AUTOMATIC SUPERSEDEAS OF ORDERS FOR THE PAYMENT OF MONEY.

An appeal from an order involving solely the payment of money shall, unless otherwise ordered pursuant to this chapter, operate as a supersedeas upon the filing with the clerk of the lower court of appropriate security in the amount of 120% of the amount found due by the lower court and remaining unpaid. Where the amount is payable over a period of time, the amount found due for the purposes of this rule shall be the aggregate amount payable within 18 months after entry of the order."

Rule of Appellate Procedure 1731 is plainly written, succinctly stated, and easily interpreted. Its effect is to stay or suspend the power of the trial court from enforcing the matter appealed from, i.e., the support order.

By its very nature, the supersedeas dates from the date it is filed. In the instant case the appropriate security amounting to $6300 was deposited with the Prothonotary of Schuylkill County on January 2, 1986. On that date, the power of Schuylkill County to enforce the support order became void and null. There is nothing which wife could do which would avoid or nullify the legal consequence of Pa.R.A.P. 1731.

Her counsel cites Groner v. Groner, 328 Pa. Super. 191, 476 A.2d 957 (1984) as authority for the contention that it is unwise to grant a supersedeas to a support order which opinion eloquently points out that the supersedeas excuses husband from paying wife anything until determination of the appeal by Superior Court. The court even cites the compelling situation involved in *child* support where suspension of expenditures for children would be reprehensible and *shocking* to the conscience stating:

"These children can hardly postpone their daily needs for food, clothing and shelter for a year or more (pending the outcome of the appeal)."

Even though the logic of our Superior Court is compelling and *their* conscience appropriately shocked by a reprehensible result, the mandate of the Supreme Court's rule is ineluctable and irresistible. Not until the conscience of the Pennsylvania Supreme Court is sufficiently shocked to cause a change in their rules of appellate procedure can this apparent inequity be cured. Groner v. Groner (Supra) reminds us that:

"The Supreme Court does not intend a result that is absurd, impossible of execution or unreasonable."

We agree. But it is not within our poor powers to add or to detract.

Although the problem as highlighted in Groner is purely dictum and has been criticized as "unjustified inquiry into the supersedeas order," it defines an area which demands correction. Instantly, however, we are bound to follow the law as it exists, and must be blind to the protestations of conscience, logic and necessity.

As to any support payments which have accrued or are due from the date of the court's order until the date of the supersedeas, these must be paid and we hold that they are not within the aegis of the supersedeas. Husband was directed to pay his wife support of $65 per week (and $10 per week on arrearages of $1885) on September 4, 1985. From that date until January 2, 1986, when the supersedeas was filed, husband is responsible for that amount of support which accrues during that interval.

We have no authority to vacate the supersedeas as requested by wife. Accordingly, we enter the following

## ORDER OF COURT

And now, this August 26, 1986, the petition to vacate the supersedeas granted under Pa.R.A.P. 1731 is hereby refused and the rule granted thereon vacated.

Husband is directed to pay unto wife any support which accrued from September 4, 1985 to January 2, 1986.